*212 OPINION of the Court, by
Ch. J. Edwards.
— The appellant exhibited his bill in the circuit court of Mont-g0mery, and obtained an injunction to stay proceedings 011 a judgment obtained by Hugh Forbes on a bond, which he states he gave said Forbes for a mare ; and he alleges that, on the sale of said mare, the said Forbes Warranted her to be but eight years old, when, in fact, she was much older, whereby he was injured to the, amount of eighty dollars ; and that the said Forbea agree(L some time after the sale, to wait longer than the time stipulated for the payment of the bond, upon his (the appellant’s) promise to pay nine per cent, inte-fe-
The answer positively denies both allegations : and it would be sufficient to say, that the answer is disproved, ^ one witness only; which is insufficient to countervail it.
So where the complainant aiks only a ratable deduction, ór the afeertainment «f dama-tart¡on-r P '**
Where a fraud lale cf a per. fonal chattel, a party may come vacate rhecon-tract in toto— Accord' Wa' pp s
in fuch cafes !dre|^lffi°a csntiy demanded.
But the case, as made out by the bill itself does not appear to be sufficient to justify the interposition of a court of equity, whether it is considered as depending upon an express warranty, or upon a fraudulent misrepresentation of the fact or concealment of the truth.
It is a well settled rule of law, that wherever a matter respects personal chattels, and lies merely in damages, the remedy is at law only, and for these reasons : 1st. because courts of law are as adequate as a court of chancery to grant complete and effectual reparation to the party injured; and 2dly. because the ascertainment of damages is peculiarly the province of a jury. The remedy upon this warranty is in damages only, and therefore, according to the rude above, recourse must be had to law only.
So where the party claims not to set aside the contract in toto for a fraud in its origin, which would be sufficient to vacate it; but for a ratable deduction in consequence of the fraud or misrepresentation, the ascertainment of the arríount of that deduction belongs not to a chancellor but to a jury, and there is a competent remedy at law.
ihat a court of equity might m some cases, where there had been a sale of a personal chattel, interpose, either on the ground of sup-pestio falsi or suppressio veri. is certain ; but then it should be in setting aside and va-eating the contract entirely. And it should also appear to be necessary to do so, for the purpose of granting more effectual relief to the injured party than he could obtain at law : as, for example, if a clear fraud was committed in the salkrpf a horse, as if he were unsound at the time of the sale, and the seller had used any art to disguise it, or if he turned out different from what the seller represented him to be, and the purchaser had gh' ven his bond for payment, w*e conceive he might apply to a court of equity to vacate and set aside the contract, and to cause his adversary to surrender the bond itself. But to entitle him to this relief he should do all that equity could require on his part; he should not unreasonably delay to apprize ¡the seller of the unsoundness, offer to return ¿he horse to him, and demand of him the restitution of his bond ; but all these things he should do within a reasonable time after he discovered the fraud, unsoundness or misrepresentation. In this case, the appellant *214 never offered to return the mare, and does not appear t0 have made any objection to making payment till after the judgment was obtained ; he therefore does not support the case he had made in his bill by adequate proof, and if proved it furnishes no ground for relief in equity,
Decree affirmed.