OPINION of the Court, by
Ch. J. Edwards.
— -The appellant exhibited his bill in the Washington circuit court, praying to be relieved against a contract he had entere(t into with the appellee, relative to the purchase of a horse ; alleging, as cause therefor, that he had been imposed upon ; that he received the horse as a souncl horse from the appellee, when in fact he was unsound and disordered, whereby he was greatly disappointed, and much injured ; that, shortly after the pur-ctlase, he apprized the appellee of the situation of the horse, offered to return him, and requested that the contract should be cancelled, all of which the appellee re-and nevertheless prosecuted a suit, and obtained a judgment at common law on the note which the ap-Pedant had given for the horse : he prayed an injunc-ti°ni (which was granted,) and that the contract might be set aside, and the appellee compelled to receive back the horse, &c.
The answer dqesnot deny that the appellee represented the horse to be sound ; it insists that he was sound, and alleges his entire ignorance of any unsoundness, The answer is, therefore, a tacit admission that the ap-pellee sold the horse representing him to be sound ; and Jf jt were not, that he did so, is proved by the testimo-11 >’ °f Harrison, the whole course of his defence, and the circumstances of the case.
*245 Upon this view of the subject, the first enquiry is, whether the horse was sound or unsound ; and 2dly„ if unsound, whether the contract can be set aside.
Upon the fact, no doubt can be entertained. It is abundantly proven that the horse was unsound, by ⅞ great number of witnesses, immediately after he came into the possession of the appellant; and in so particular a manner, as to render it reasonably inferable that he mmst have been in that situation at the time the appellant received him ; but this fact does not rest for support upon this palpable and natural inference ; it is expressly proven that the horse was in the same situation prior to that time, by James Vessels and William Vessels ; and, indeed, the efforts made by the appellee to prove that the appellant thought highly of the horse, was well pleased with him, ike. together with other circumstances in the cause, evidently tend to demonstrate that the honest and candid convictions of the appellant were that the horse was unsound, and that his allegations to that effect were not feigned pretences.
The testimony establishes that the appellant was, at the time of the purchase, collecting a drove of horses to carry, for sale, to the southward ; and that he did set out on that business in a few days thereafter. Now such being his object and intentions, the more he was pleased with this horse, the better he thought his bargain, the more anxious he must have been to have carried the horse along with him, and nothing could have checked this wish, or suspended his determination, but the aprehensión that the horse was diseased, at least the depositions in this cause warrant no ether or different conclusion.
The next question then is, whether the appellant is entitled to the relief he has sought. In the argument of which at the bar, the counsel for the appellee has contended that this case must be considered either as a warranty, or a fraudulent concealment of the truth. If it is a warranty, the appellant is only redressable at common law; if considered as a fraudulent concealment, then there is a defect of proof, inasmuch as it is not proved that the appellee was connusant of any disorder in the horse, anti he has expressly denied that he was so. By this argument, and, indeed, upon general principles, it mast be admitted, that where there has been a *246 fraudulent suppression of the truth, it vitiates the con» tract, and subjects it to be set aside. It is so determine ed in the case of Hardwick vs. Forbes; and it is also, decided by that case that a misrepresentation or suggestion of a falsehood subjects a contract to the same con, sequences ; and it would seem strange if such were not the case : the one acts negatively, the other positively; both are calculated, in different ways, to produce the same result: in the case of the sale of a horse, a concealment of a defect withholds from the buyer such information as is necessary to apprize him of the horse’s true situation, whereby he is deceived ; a misrepresentation positively and directly deceives him : in the one case he is deceived from the want of information, in the other case, by wrong or improper information ; and if he is relievable in the one case, he must be in the other. The only difference between the two cases is, that in ⅞ charge of a suppressio veri, it is necessary to.prove the seller’s knowledge of the fact he is charged with having suppressed ; but in a charge of suggestio falsi, it is only necessary to prove the representation false t it is perfectly immaterial whether he believed it to be true or, knew it to be false, he makes it at his peril: if he did not know it to be true, and he could not know it so if it were false, he is as answerable as if he made it, knowing it to be false.
Decree of the circuit court reversed; the cause remanded to the said court, with directions to enter a decree assigning a day, on or before which the said complainant shall deliver up the said horse to the defendant, unless the said horse shall have died or escaped from the possession of the complainant before the said day to be assigned • and upon the said complainant’s delivering or tendering said horse to the defendant, or shewing that he has been prevented from so doing by the death or escape of said horse as aforesaid, then, and in that case, being proved to the satisfaction, of the court, that they decree a perpetual injunction against the judgment at law complained of, with costs at law and in chanceryf