*183 OPINION of the Court, by
Judge Owsitiy.
.Robinson purchased frovulGrilbrcth a horse, and gave his obligation in part pay for 25 pounds. G-ilbreth assigned the obligation to Wilson, who brought suit thereon at law and recovered judgment. Robinson then to obtain relief exhibited his bill in chancery with injunction', and the cause having progressed to a final hearing, the bill was dismissed with costs.
The grounds assumed by the bill for relief arc somewhat ambiguously stated, and admit of some doubt whether a fraud was intended to be charged upon Gilbreth in the sale of the horse, ora warranty of soundness, unaccompanied with any other circumstances of fraud. Considering the cause in either point of view,'we are however of opinion the bill cannot be maintained.
If a bill be brought for a thfcoverj, and that is the only ground of the juriídj¿>3on of a court of chan, eery ; if the anfwer denies the matter of difeovery fought, the bill ought net to be retained —Acc. Lemon vs. Cher• O', vol. i, ajz.
Where the party attempts to defend the sidion at law, and fails, eq.ui* ty will not re. try the matter —Acc. Veech vs. Penebaiery ■vol. a, 326.
It a naked warranty was only intended, then it is cvf-dent'no relief can be given by a court of equity: for then as a breach of the warranty sounds properly in damages, and courts of law possess adequate power to give relief in such a case, equity should not interpose, unless under particular circumstances not within the control of courts of law, the aid of equity is made indispensable. If it be said that a discovery is sought by the bill in this case, anti the equitable jurisdiction should be endeavored to bo maintained on that ground, then it is answered no discovery is obtained, but the facts alleged are flatly, denied by the answer of Gilbreth ; and it is settled in such a case, where the jurisdiction is endeavored to be translated from a court of law to a court of equity, on the. score of a discovery from the defendant, that equity will not after a denial of the discovery retain cognizance of the cause for the, purpose of giving relief upon the proof made. Neither should equity take cognizance of the cause for the purpose of awarding an injunction and inquiry into the fact of a warranty, and ascertaining the extent of the damages consequent thereon 5 because the judgment may have, been obtained at law for paid; of the priceoftlielsor.se. For as Cue promise of Robinson to pay the price, and the promise of Gilbreth that the horse was sound, are each independent promise's, for a breach of cither an action at law is maintainable ; and to such an action, the breach of the other would be, an inadmissible defence. And as the contract of the parties has been made so as to give each a remedy at law for the breach on the, pert of the oilier, each should be left to their action at law, unless it is apparent by so doing irreparable injury would be sustained. Such a consequence, it does not, however, appear would result by making each of the present parties resort for relief to their action at law: for it is not even suggested that any difficulty would accrue in obtaining from Gilbreth the am punt of any judgment which might be obtained against him in consequence of the warranty.
If relief is sought on the grounds of a fraud having* been committed upon Robinson by Gilbreth in the sale of the horse, then it will not be denied but what equity, upon the making out a proper case, should give relief. Rut even then it would be necessary for Robinson not only to prove the fraud, but he' should also shew from other circumstances that according to the rules of equity *185 the contract should be cancelled at his instance: for it is not in every case of fraud that equity will interpose ; as, for example, where after the discovery of the fraud in the sale of property the purchaser still retains the property and uses it as his own, without making any offer to return it, or in any otherwise evincing a determination to avoid the contract, in such a case a court of equity at his instance will not interpose for the purpose of setting aside the contract; and as the fraud in such a case is cognizable in a court ol‘ law, where damages are properly ascertainable by a jury, equity will not take cognizance for the puipose of giving compensation.
In this case if a fraud has been in anywise proven, Robinson does not appear to occupy that favorable ground which will justify a court of equity to decree him relief. He appears to hav e had the horse in possession for about eight or nine months after his purchase, and so far from evincing any disposition to avoid the contract on account of the fraud of Gilbreth, he rather manifests a determination to abide by the contract.
Were we, however, mistaken in this view of the case, still we apprehend Robinson’s bill cannot be maintained s for although fraud is cognizable in equity for the purpose of avoiding a contract, it is likewise cognizable in courts of law; and when the question of fraud has been decided by a court of law, that decision is conclusive between the parties in equity also. If, therefore, the question of fraud in the sale of the horse has been decided against Robinson in a court of law, that decision precludes any farther investigation by a court of equity. That there was such a decision on the trial of the action at law brought by Wilson as the assignee of Gilbreth, is pretty evident from the allegations of Robinson’s bill: for it is not even suggested that the question of fraud was not litigated on that trial; but from the allegation that Robinson did not produce all his witnesses in relation to that matter on that trial, the conclusion is irresistible, that the question of fraud was, then put in issue and determined against Robinson.
Were every difficulty as to the propriety of a court of equity taking cognizance of the cause and determining the question of fraud removed, still we should be of opinion Robinson could not obtain relief. The evidence of some of the witnesses, it is true, in some measure conduces to prove the horse unspjmd when he was sold by *186 Gilbreth to Robinson; but tlie weight of evidence We are inclined to think strongly preponderates in establishing a different conclusion.
With respect to the agreement mentioned in the bill as one ground upon which relief is sought, but little need be said. The evidence in relation to that subject is- not of that satisfactory kind which will authorise any relief.
Upon the whole, we are of opinion tlie decree of the court below in dismissing Rcblnson’s bill is correct.
Decree affirmed with costs.