Opinion of the Court, by
Judge Mills.
TO be relieved against a judgment at law, Anthony Hunn, the defendant in error, exhibited this bill, alieg-ing that the note on which the judgment was founded, was executed to secure part of the consideration to lie paid by him, fora family of slaves, which were known to be somewhat diseased; but the plaintiffs in error had represented the diseases with which they were afflicted, to be of a different nature from what they really were;- and that their diseases were more inveterate and numerous than represented, when the venders knew the true, situation of the slaves; that the slaves had lately before the purchase run away, and had laid out exposed in a cold cave, which had brought on new complaints or had increased the existing ones, which circumstance was known to the defendants, but concealed from him; and that the two parents of the family were far older, to the knowledge of the-defendants, than represented. 'He prays that damagesarising from the injuries may be ascertained and the - price be lessened thereby., The court below cmpannclled a jury who assessed considerable damages, which wero discounted against-the price, and the injunction perpetuated to that amount.
We have not deemed it necessary to travel further into the history of this cause, or go into the matters, in issue or relied upon in the answers of the plaintiffs in error, or proofs m the cause; for there-is a previous question of jurisdiction, which presents an insuperable bar to the relief sought. The defendant in error-had a plain and well known remedy at law for the fraud, if any,-practised against him. and he has shewn *268 no apology in his bill of any kind, for bringing bis case before a court of equity. He never offered to restore the slaves when he became possessed' of the fraud, so as to enable the chancellor to set aside the contract, and lie shows no wish to part with them yet. He suggests no obstacle to the remedy at law, arising from the in- . solvency or absence of the plaintiffs in error, and as* sumes it for granted, that a court of equity has cognizance of the cause. To prove the contrary, it is not necessary to recite the numerous decisions of this court. Ever sincq the case of Hardwick vs. Forbes' administratrix, 1 Bibb 212, as well as before, bill after bill has failed, founded on analogous principles; so that it is more strange that such attempts should still be made, thus to add to the .jurisdiction of a court of equity, than that such an attempt should fail.
The decree must be reversed with costs, and the cause be remanded, with directions to dismiss the bill with costs and damages.