Judge Trimble
delivered the opinion of the Court.*
Colyer exhibited his bill against Thompson and Johnson, in which he alleges, in substance, that Thompson ha(j sold three surveys of land to Johnson, and exe-cu!-ed his obligation for a title; that some time afler-wards, Johnson, discovering that the claim was defective, applied to Thompson for a rescisión of the contract; that they did not rescind the contract, but entered into a combination to cheat the complainant, by selling the land to him; that, in pursuance of that arrangement, Johnson sold the land tp the complainant, *17 ibr which ho paid Johnson $50 iiihand, and gave him two notes for$50 each: that Johnson caused Thompson to execute an obligation to the complainant, for a con-vcyance, which is made a part of- the bill, and bears date on the 26th day of December 1814. He further' states, that he has paid the first note that became due for the purchase money, and that Johnson has assigned the other to Simeon Justice; and that, -shortly after making the purchase, he discovered that Thompson had no title to the land, and that, for the 'purpose of sc* curing his possession and improvements, he liad purchased the land from John Graham, who had the title thereto. He prays for a decree 'against-iJohnson for $150, with interest, and for relief. ■
Johnson’s au-svra-.'
'
Interlocutory decree sot aside, and bili dismissed.
Supplemental bill offered.
errors assigned.
Decree dia-missifcga bill, and an order at a subsequent term overruling a motion to file amended or supplemental bill, may be. cmbraood ir> 0110 wVit of error.
*17 Johnson, in his answer, admits the sale of,the land to the complainant, but denies the' charge of fraud, Thompson having failed to answer the bill, the court, by an interlocutory decree, ordered that the obligation which Thompson had executed to Colyer for a title to the land, should be-given up to Johnson, which the record states was done; that the contract should be rescinded, and that Colyer should recover of Johnson $150, with interest, &c.; that Colyevshoold surrender the possession of the premises to Johnson, on or before the next term of the Floyd circuit court, and-if Colyer should be unable to do so at that lime, the decree was to be set aside.
At the next term of the court, the interlocutory decree was set aside, and the bill dismissed with costs; but the record does not state on what ground.
Ata subsequent term, Colyer asked leave to file an amended bill, which he calls a supplemental bill; but the court overruled his motion with costs.
■ The errors assigned, question the correctness of the decisions of the court below, in dismissing the com--plainuni’s bill, and in overruling his application for leave to file his amended bill.
Preliminary to the decision of these questions, it is proper to dispose of a question of practice, which has arisen in this case. The decree dismissing the complainant’s bill, and the order overruling his motion-to file an amended bill, are both embraced in the same writ of error; and although they both appear in the same record, they were made at different terms of 1 Lie epurt. By the 23d section of the act reorganizing the *18 court of appeals, it is provided, that it shall not be necessary to prosecute two or more writs of error or appeals upon the same record; but that all the decisions in the same record, to the prejudice of the party complaining, and not barred by time, may be assigned for error, and shall be heard by the court of appeals. Session Acts of 1824, p. 51. Ilovvever irregular, therefore, it might have been heretofore, to embrace two or more'judgments or decrees in the same writ of error, this question is now put to rest by an express provision of the foregoing act.
Equity may rescind a contract for fraud,bat not give damages, uiiies3 wi.oro file party lias no remedy at law.
fa avoid a rontract for raud, the •¡arty must, n reasonable .ime, make lie election.
f, after dis-;overing tiio 'raud, hou-es lie property is his own, wake's no oler to rescind, md long de-
In the investigation of the first question made by the assignment of errors, it is not deemed necessary to en-quire whether the evidence in the cause establishes the fraud charged by the complainant, or not, as, from the allegations of the hill, he has not shown himself entitled to the aid of a court of equity. The chancellor will, no doubt, relieve against fraud in a contract, whenaproper case is made out, and the power of granting suck relief constitutes one of the main pillars of. the jurisdiction of a court of chancery; but when equity gives redress in such a case, it is by setting aside the contract entirely, and not by giving to the injured party a remuneration in damages. Hardwick vs. Forbes’ adm’r. 1 Bibb 212; Waters vs. Mattingly, 1 Bibb 244; Galbreath vs. Robinson, 4 Bibb 183.
It is true, that there are cases which form exceptions to this rule, as where the complainant shows that circumstances exist, which form an impediment to his recovering damages at law. In such cases, a court of chancery will take jurisdiction of the cause, for the purpose of giving the injured party a compensation in damages, on the ground that he has not a plain and adequate remedy in a court of common law. Robinson vs. Galbreath, 4 Bibb 183.
In this case, however, the complainant did not show that he had not a plain and adequate remedy at law, and therefore the court below ought nut to have entertained jurisdiction of the cause, for the purpose of giving him damages for the injury of which he complained.
Nor will a court of equity, in every case, set aside a contract on the ground of fraud. Where the injured party, within a reasonable time after he has discovered the fraud, makes his election to disaffirm the contract, and offers to restore the property, a court of equity will, at his instance, interpose and set it aside.
lays his bill, *lle cháncel-a“j ™m, ””ut leave him to !!is remedy at
von,lce of land, Vho has purchas-part 0f the land to oth- ¶*’ ^ 1S thereby una-Me to restore possession, is í10¡- «“titled
joou'tory cree for the of a condition °" that the possession of the succeedin'; term, comPlaini\nt d?7 liveretl up his obligation for conveyance, doii-^6^ s" SCSsion; Pthe obligation *’®(1 bill dismissed,
jf t¡le f|efell_ dant in such oase refiIS« to the chancoi-1°!' may-then tiorT o'f^tiitj cause,and ov-tier a jury to frautír<at»l found, assess damages, decreob0m'ay After k bill bas been dis7 supplemental bill can be filed. Bill of
*19 Bui if, after discovering the fraud, he still retains the property, and uses it as his own, and makes no offer to restore it, or does not otherwise evince a determination to avoid the contract, a court of equity will not set it aside, but permit him to seek redress in an action at law. Hardwick vs. Forbes’ admr. 1 Bibb 212; Robinson vs. Galbrealh, 4 Bibb 183.
in this case, the complainant has shown no disposition to avoid the contract; but has shown a determination to avail himself of it, and hold the property. After discovering the fraud, he purchased the land from Graham, who, he says, had the title, and has since transferred the possession of the whole, ora. part of it, to others, and is now unable to restore the possession to Johnson. Under such circumstances, the court below did not err in refusing to decree a rescisión of the con- . , ° • trace.
The court ought not, however, to have dismissed the bill without permitting the complainant to withdraw the obligation which Thompson had executed to him for a title to the land, and to cancel the assignment, which. he had made in obedience to the interlocutory decree, If Johnson had obtained possession of the obligation, and had refused to give it up, then, inasmuch as the complainant would have been without a competent remedy at Jaw, the court ought to have entertained jurisdiction of the cause, and cmpannelled a jury, who should have been sworn to enquire whether the fraud had been committed, as alleged in the. hill, or not, and if such fraud bad been committed, to. assess the dam- , , ’ ages occasioned thereby.
The decree dismissing the complainant’s bill is, for this reason, erroneous, and must be reversed..
As to the second question made by the assignment of errors, it is sufficient to remark, that the motion for leave to file the amended bill, was made at -a term subsequent to that at which the final decree was rendered, and as it contained none of the essential requisites of a bill of review, the court did right in overruling the motion.
The decree is reversed, and the cause with directions to í¡he court below to permit the com-plainantto withdraw the obligation which Thompson had executed to him for a title to the land, and to cancel the assignment which he had made to Johnson, pursu- *20 an[ (;0 (|j0 interlocutory decree; and if Johnson has oh-tabled the possession of the obligation, and fails or ro-fuses to produce it intocourt, in that event a jury must be empannelled and sworn to enquire whether the fraud alleged iii the bill has been committed, or not; and if fraud has been committed, to assess thecomplain-ant’s damages occasioned thereby; and when the jury return a verdict, to make a final decree in the cause.
Loughborough, for plaintiff; Triplett, for defendant.
however, the obligation shall be withdrawn by the complainant, or if he refuses to withdraw it and cancel (he assignment, in either event the bill must be dismiss-but without prejudice to any suit at law which the complainant may think proper to prosecute, to recover damages for the fraud complained of in the bill,
partieS must respectively bear their own costs in this court.

 Ch. J. Barry absent.