Judge Underwood,
delivered the opinion of the Court.
On the 23d of March, 1822, John Caldwell transferred to James Caldwell, without recourse, the benefit of a judgment, subject to various credits, obtained in the Logan circuit court, by John Jenny for the use of Austin Hubbard and said John Caldwell, against Aquilla Davis; said Austin, having previously assigned his interest therein to said John Caldwell, James Caldwell filed this bill to set aside the contract, and to compel John Caldwell to repay the money with interest, which was paid for the judgment, alleging that he had been defrauded by the misrepresentations of said John, in regard to the solvency and residence of -said Davis, and as to a portion of the debt represented by said John, to be in the sheiiff’s hands and not paid over. The court below decreed a recision of the contract and a return of the money paid, with interest; to reverse which decree, this appeal has been prosecuted. The first objection made to the decree of the circuit court, is that the bill ought not to have been sustained for want of jurisdiction. Although the bill does not set forth the facts which constitute this as a case of suggestio falsi with as much clearness as might have been done; yet, we are opinion that the allegations sufficiently shew, if supported by proof, that the complainant should have been relieved. The principles asserted in the cases of Hardwick vs. Forbes’ administrator, 1 Bibb, 212, and Waters vs. Wattingly, 1 Bibb, 244, distinguish between common law and chancery jurisdiction. The general rule is, that where the whole contract is contaminated with fraud, and the parties can be placed in statu quo, the chancellor on the application of the party aggrieved, will interfere and do it; where that cannot be done, or where the injured party is unwilling to have it done, and the injury should be compensated in damages, then the party aggrieved must seek his redress exclusively at law; as where a vendor fraudulently puts off an unsound horse, the vendee has his *54 election to go into chancery, for th^ recision of the contract in toto, or to bring his action ift law to recover for the cheat, affirming the contract.^The cases of Jones vs. Murray, 3 Monroe, 85,' and others referred to, do not militate against the doctrines advanced. The case of White vs. Clark, &c. 3 Monroe, 390, and many others support us. The only remaining consideration is, does the proof sustain the 'allegations of the bill, and shew that John Caldwell deceived and imposed on James Caldwell by false suggestions, and thereby influenced and induced him to take the assignment of the judgment without recourse. Without commenting on the evidence, we are of opinion it does. It is therefore considered that the decree of the court below be affirmed.
Chape.ze. and Wickliffe for appellant; Rudd and Hardin for appellee.
Decree and mandate.
The appellee must recover his costs in this court and ten per cent damages on the amount decreed him by the court below.