BLAIR (DOVE v.). See Case No. 18,292.
BLAIR (HALLACK v.). See Case No. 18,292.

---

## Case No. 18,239.

### BLAKELEY v. BISCOE.

[Hempst. 114.] [1]

Superior Court, Territory of Arkansas. Jan., 1831.

EQUITY JURISDICTION—REMEDY AT LAW.

Where there is a plain and adequate remedy at law, a court of chancery has no jurisdiction.

[Bill in chancery by William Blakeley against Henry L. Biscoe for an accounting. Defendant demurred to the bill, and the demurrer was sustained.]

Before JOHNSON, ESKRIDGE, CROSS, and BATES, Judges.

JOHNSON, J. This is a bill in chancery, filed by Blakeley against Biscoe, to which the defendant has filed a general demurrer. Blakeley, in his bill, alleges that in the year one thousand eight hundred and twenty-one, administration of the estate of Moses Graham was duly granted to him in the county of Clark; that he proceeded to sell the personal estate of Graham according to law, taking notes or bonds of the purchasers amounting to six hundred and fifty-three dollars; that shortly after the sale he employed the defendant Biscoe, to act as his agent in all things pertaining to the administration of the estate, and that Biscoe undertook and faithfully promised to do and perform every duty required of the complainant in relation to his administration, and finally to settle the same as required by law, and to pay over the balance of the assets, if any, after the settlement, to the complainant, and as a consideration for his services, Biscoe was to retain six per centum out of the amount of the estate; that Biscoe agreed and bound himself to keep a just and true account of all money received by him, as agent, stating when

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[1] [Reported by Samuel H. Hempstead, Esq.]

it was received and how appropriated, and to exhibit the account to the complainant whenever requested; that the complainant, in pursuance of the agreement, delivered the notes taken at the sale before mentioned, amounting to $653, to the defendant Biscoe, who received and collected the amount of the notes. The bill further alleges, that the defendant Biscoe failed and still refuses to make the settlement of the administration, refuses to account for and pay over the money in his hands unexpended, and also refuses to exhibit a just and true account of all moneys received, of whom received, to whom paid, and for what purpose. The prayer of the bill is, that the defendant may be compelled to state and set forth a just and true account of his agency, pay over the money remaining in his hands, and for general relief.

Upon the case just stated the question arises whether a court of chancery can entertain jurisdiction. Where there is a plain and adequate remedy at law, a court of chancery will not grant relief. This principle has become a maxim in the code of equity, and is sustained by innumerable authorities. 1 Bibb, 212; 2 Bibb, 273. Is there a plain and adequate remedy at law for the case stated in the present bill? The case stated and set out in the bill is nothing more nor less than a contract between the plaintiff and defendant, by which the latter agrees to act as the agent of the former in collecting certain bonds or notes, and of attending to the settlement of an intestate's estate, and to pay the balance over. For the breach of this contract the law surely affords an adequate remedy without a resort to equity. An action on the case, either in contract or in tort, is the appropriate action in which the plaintiff may recover all the damages to which he is entitled. If he seeks a recovery only of the money remaining in the hands of the defendant as in the present bill, the action of assumpsit is the appropriate remedy. If he also claims damages, as he would seem to do in the present bill, a special count for the non-feasance or misfeasance, will afford redress. It is manifest, then, that there can be no necessity to resort to a court of equity to obtain relief. It is not a case for an account, as has been contended. A bill for an account will lie only when there are mutual demands forming the ground of a series of accounts on one hand, and a series of payments on the other, and not merely one payment and one receipt. 1 Madd. Ch. 570; 6 Ves. 136; 9 Ves. 473. Nor does the bill allege the necessity of coming into chancery for a discovery. There is no allegation that the plaintiff is unable to prove the contract and the delivery of the notes to the defendant. Upon the whole we think it a clear case for an action at law, which is competent to afford ample redress, and consequently the chancellor will not take jurisdiction. Demurrer sustained.