Chief Justice Robertson
delivered the Opinion of the Court.
Douoherty apprehending that he had been defrauded by Stewart, in “a horse swap,” tendered to him the horse he had gotten from him; and thereupon, sued him for the conversion of that which he had given him in exchange.
Upon the trial, the Court gave the following instructions to the jury: — “that if the defendant had the pos- *480 “ session of the mare, either before or after the offer “ of Dougherty to return the horse, Dougherty could “ recover the value of his mare in this action;” — and “ also — “that if Dougherty, by wrong or improper in- “ formation, purchased the horse or traded for him, and “ that wrong or improper information was given him “ by Stewart, Dougherty has a right to recover, upon “ the return of the horse and demand of the mare. “ Waters vs. Mattingly, 1. Bibb, 244” — and overruled the following instruction, proposed by Stewart: — “that “ Dougherty could not rescind the contract or swap “ referred to in the present case, unless Stewart had “ practised a fraud on him in the swap; and that no “ representation of Stewart was fraudulent, unless he “ knew at the time he made it, that his representation “ was untrue;” and thereupon told the jury “that Stew- “ art was liable in this action, for the false representa- “ tion, whether he knew it or not.”
Verdict, $*c.
The case of Waters v .Mattings ly, 1 Bibb, 244, is not law, and has been overruled, and often -disregarded.
The representations of a party making a sale, however delusive they may be, if not fraudulent, or known to him to be false, form no ground for an action, or rescission of the contract.
Where there is fraud in the sale of ahorse, or in a swap, and a party wishes to rescind the contract, he must' tender back the horse he got, anti unless he does so in a reasonable time, or the horse is received, the contract remains in force. Instructions that assume, or disregard the facts, in. this respect, are erroneous.
*480 Verdict apd judgment for damages having been rendered against Stewart, he’ prosecutes this writ of error.
The old case of Waters vs. Mattingly which seems to have been relied on by the Circuit Judge, as conclusive authority, is inconsistent with the well established doctrine of the law, and has been repeatedly disregarded and overruled by this Court.
The true doctrine is, that an innocent misrepresentation — not being fraudulent — furnishes no cause of action nor any sufficient ground for rescinding a contract. Unless the party who makes a representation knows, when he makes it, that it is false, he is,not deemed guilty of fraud, however erroneous or untrue it may happen to be. And therefore, the Circuit Judge erred in insti’ucting the jury' according to the obsolete and exploded case of “Waters vs. Mattingly;” and in overruling the instruction proposed by the plaintiff in error.
Each of the instructions, as given, is exceptionable in other respects. The first seems to presuppose, as admitted or indubitably established, the fact of fraud, and of tender in reasonable time. This was obviously delusive and improvident., Whether those facts were *481 proved, the jury alone had a right to determine — and even if the jury could have reasonably inferred fraud, there was no proof as to when the tender was made. And this latter objection applies with full force to the last instruction also; for in that instruction the Court seemed to think, that an offer to return, without regard to time, or to acceptance or to waiver as to the time, was sufficient. If there was vitiating fraud, the contract was nevertheless not rescinded, unless the tender was either accepted, or, being rejected, was made in reasonable time after the discovery of the fraud.
Trover may be maintained for a horse parted with in a swap, by showing that the swap was induced by fraud, the proper steps for a rescission taken by plaintiffs, and a conversion by defendant.
But, with the exceptions just suggested, the first instruction was proper. For if there was fraud in the contact and a consequent rescission by operation of law, as the contract was ah initio voidable, the plaintiff in error would have been liable for a conversion by a sale, or other appropriation to his own use, of the mare prior to the actual avoidance; — just as he would have been responsible had the contract been voidable in consequence of infancy, and the infant had afterwards elected to avoid it.
The avoidance of a voidable contract generally places the parties to it in the condition in which they would have been had it been void instead of voidable.
But, for the errors which have been noticed, it is considered by this Court that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.