**Louise HALL et al., Appellants,**

**v.**

**John B. CARTER, Appellee.**

Court of Appeals of Kentucky.
April 24, 1959.

Francis M. Burke, F. Dale Burke, Pikeville, for appellant.

Charles E. Lowe, Pikeville, for appellee.

STANLEY, Commissioner.

This suit was brought by the Pikeville National Bank and Trust Company for a declaration of rights and direction as to disposition of a deed and a check held by it in escrow. The defendants, John B. Carter, on the one side, and Louise Hall and others, on the other side, raised issues between themselves concerning their respective rights in the subject matter. Judgment went for Carter, and his adversaries appeal.

The appellants, Louise Hall and James Reynolds, sold Carter an apartment house and lot on the corner of Scott Avenue and Eighth Street in Pikeville for $17,000. The bank held a mortgage on the property. The parties left an executed deed and check for the consideration with an officer of the bank. They are not agreed on whether these instruments to be held in escrow were not to be delivered to the respective parties until Carter's check had been cleared or until Carter had had the title examined. The next day when Carter learned of certain facts, he immediately notified the bank not to deliver or pay the check.

Carter's cross-action sought the return of his check and the cancellation of the agreement to buy the property and "all proper relief." He charged fraud and misrepresentation by the vendors by the concealment of material facts. The vendors denied fraud and sought judgment declaring them to be entitled to receive the $17,000. Considerable evidence was submitted on the issue of fraud and misrepresentation, which rested principally upon the true location of the back line of the property, which, in turn, determined whether the lot was sixty feet in depth, as called for in the deed, or 56 feet, and whether the building lapped over on the adjoining lot. The adjoining property owner, Alfred Sowards, claimed four feet of the lot in controversy and that a corner of the building extended on his lot.

In a logical analysis of the testimony of two engineers, who had arrived at different results with exactly the same data, and other evidence, and bringing to bear his own trigonometry calculations, the court found that the lot was 58 feet deep instead of sixty feet, as called for in the tendered

deed, and this location cleared the building by about two feet. The court concluded that previous to the transaction between these parties, the adjoining landowner, Sowards, had, in effect, evicted the vendors from "about a four foot strip of land," although perhaps not that part under the corner of the building since it remained in their possession. Under the decision, however, the adjoining owner was held to be entitled to only two feet instead of four feet, which he claimed. The court concluded that because of the failure of the vendors, Louise Hall and James Reynolds, to reveal the claim of the adjoining owner and that their lot was only 58 feet deep instead of sixty, as represented, the purchaser, Carter, was entitled to stop payment of the check and rescind his agreement.

The appellants accept the finding by the trial court of the true location of the line but question the conclusion that there was such concealment as to justify the judgment. The facts in respect thereto are that the appellants had started to build a fence where they claimed the line to be; Sowards, the adjoining landowner, told them they did not own sixty feet as they claimed, and that a corner of the building lapped over on his land; that he had had his lot surveyed, showed them his plat and pointed to a stake showing the location of the line. The appellants had shown the appellee the property they wanted to sell him but said nothing about the claims of the adjoining owner or the fact that they had been stopped by him from marking the line with a fence where they claimed it to be.

We quickly dispose of appellants' argument that the court was in error in holding they had been "evicted" from the disputed strip of land since there had been no ouster or dispossession by legal process. It is apparent the court used the term in the general sense that another party had taken over physical possession of the strip of land under a claim of right and had denied peaceful possession and enjoyment of the entire property claimed by the appellants.

We may readily agree with the appellants that mere silence with respect to something related to a transaction is not necessarily misrepresentation and does not itself constitute fraud. However, it is otherwise when the circumstances surrounding a transaction impose a duty or obligation upon one of the parties to disclose all the material facts known to him and not known to the other party. The suppression or concealment of the truth under such circumstances may constitute a means of committing a fraud as well as misrepresentation openly made. Since the beginning of our jurisprudence, the principle has been consistently adhered to that the concealment by a seller of a material defect in property being sold, or the suppression by him of the true conditions respecting the property, so as to withhold from the buyer information he is entitled to, violates good faith and constitutes deception which may relieve the buyer from an obligation or may permit him to maintain an action for damages or to vacate the transaction. Waters v. Mattingly, 1 Bibb 244, 4 Ky. 244, 4 Am.Dec. 631; Kaze v. Compton, Ky., 283 S.W.2d 204; Bryant v. Troutman, Ky., 287 S.W.2d 918. In our leading case of Hays v. Meyers, 139 Ky. 440, 107 S.W. 287, 17 L.R.A.,N.S., 284, 139 Am.St.Rep. 493, the subject of fraud and deception through concealment of material facts is fully treated.

The difficulty in a given case is in applying the principle to the particular transaction. In the present case we do not doubt that the vendors believed their lot had a depth of sixty feet, for that is the distance described in the deed which they had received; but after the controversy with their neighbor had arisen and while it remained unsettled, we think there was an obligation upon their part to reveal the facts to the prospective buyer. It is quite certain that they were selling him a lawsuit and that he would not have bought the property had he known of the controversy. Disclosure of the conditions would, as he said, have influenced him not to enter into the contract.

This is substantiated by the fact that immediately upon finding out the condition he set about to rescind the transaction.

In effect, the cross-action of the vendors was a suit for specific performance and that of the vendee a suit to be relieved of his commitment. Proof of misrepresentation through concealment as a ground of relief from an executory transaction need not be as clear and convincing, nor the extent or degree of the deceit be as great, as where rescission of an executed contract or consummated transaction is sought. We fully agree with the decision of the trial court that restoration to the status quo is just.

The judgment is affirmed.