**HIDDEN HILLS, INC., Appellant,**

**v.**

**Lewis PARRISH, Executor of the Estate of Otis Parrish, Jr.; and Verneidth Parrish, Appellees.**

**No. 1999–CA–000308–MR.**

Court of Appeals of Kentucky.

March 17, 2000.

Case Ordered Published by Supreme Court Oct. 18, 2000.

Discretionary Review Denied by Supreme Court Oct. 18, 2000.

---

1. SCR 3.130–1.4, Comment 2.

2. SCR 3.130–1.4, Comment 3.

Rodger G. Cox, Campbellsville, for Appellant.

Jerry M. Coleman, Elizabethtown, for Appellees.

Before GUDGEL, Chief Judge; GUIDUGLI and TACKETT, Judges.

*OPINION*

GUDGEL, Chief Judge.

This is an appeal from a summary judgment granted by the Taylor Circuit Court dismissing an action which arose out of the separate transfers of real estate and a tobacco marketing quota. For the reasons stated hereafter, we affirm.

The parties began negotiating in the fall of 1995 for the sale of a farm, owned by appellees Otis Parrish, Jr. (Parrish) and Verneidth Parrish, to appellant Hidden Hills, Inc. Viewed in the light most favorable to appellant, the evidence shows that in or around December 1995, Parrish advised one of appellant's owners, Ivan Blevins, that he had priced the farm's tobacco base to someone else. Blevins responded by stating that "if we pay your price we expect to get the tobacco base." Parrish made no response to Blevins' statement,

and the matter was not discussed again until after the real estate transfer was completed.

Meanwhile, appellees and a third party, Keith Cave, signed a contract on December 1, 1995, for Cave's purchase of the farm's tobacco base. On January 2, 1996, appellees and Cave requested Farm Service Agency approval of that sale, which was granted on March 29. Meanwhile, on January 31 appellant and appellees signed a contract which provided for the farm's sale but made no mention of the tobacco base. After the sale was completed on April 24, 1996, appellant learned that it had not acquired the tobacco base.

Appellant filed this action, alleging that it would not have agreed to the sale in the absence of appellees' "false and fraudulent representations ... that the tobacco acreage allotment was to accompany the subject real estate." It further asserted that it was entitled to recover damages on grounds of unjust enrichment. The trial court eventually granted appellees' motion for summary judgment, and this appeal followed.

First, appellant contends that the trial court erred by finding, as a matter of law, that no fraudulent misrepresentation or concealment occurred. We disagree.

■ Clearly, the evidence fails to show that appellees' behavior amounted to a fraudulent misrepresentation or concealment. Certainly, the fact that Parrish failed to respond in any way to Blevins' oral objection to Parrish's pricing of the tobacco base to a third party neither constituted or signaled that Parrish acquiesced in Blevins' wishes nor amounted to a concealment of material facts. Instead, the conversation and Parrish's silence could only have served to alert appellant that there might be a potential disagreement between the parties. Nevertheless, appellant failed to thereafter take steps to make any further inquiry or to ensure that the matter was resolved to its satisfaction before finalizing the parties' transaction. Nothing in the record, therefore, creates an issue of fact as to whether there was a fraudulent misrepresentation or concealment respecting the tobacco base.

■ Next, appellant contends that the trial court erred by failing to find, in the absence of a specific exclusion in the real estate sales contract and deed, that the tobacco base was transferred with the real estate. We disagree.

The sale of tobacco bases is authorized by 7 USCA § 1314e(g)(2), which provides in pertinent part:

Effective for the 1991 and subsequent crop years, the Secretary may, during any one year, and subject to such rules as the Secretary deems appropriate, permit the sale of a burley tobacco quota from one farm to another farm in the same county if the buyer, who is an active burley tobacco producer, is not buying an amount larger than 30 percent of the existing quota for the buyer's farm, or 20,000 pounds, whichever is greater.

Thus, since 1991, the federal government has permitted tobacco bases to be sold separately from real estate under circumstances such as those present here. The contrary authorities cited by appellant are nonpersuasive since they predate this statute. We therefore hold that the court did not err herein by finding that appellees were entitled to separately transfer the tobacco base prior to transferring the real estate to appellant. Further, there was no need to except the tobacco base in the real estate sales contract and deed.

Finally, appellant contends that the trial court erred by finding, as a matter of law, that appellees' actions neither constituted a breach of contract nor resulted in unjust enrichment. We disagree.

We first note that appellant did not raise the breach of contract issue until it responded to appellees' motion for summary judgment. In any event, since the parties' contract did not specifically address the tobacco base issue, there is no merit to the contention that appellees breached the contract by failing to transfer the tobacco base to appellant.

We also are not persuaded by appellant's argument that an issue of fact exists as to whether appellees were unjustly enriched due to the separate sale of the tobacco base. The undisputed evidence shows that there was no meeting of the minds or promise made in connection with the tobacco base. More important, appellant's mere belief that it made a bad trade in acquiring the real estate does not afford it a basis for seeking damages based upon the theory of unjust enrichment.

The court's summary judgment is affirmed.

GUIDUGLI, J., concurs.

TACKETT, J., dissents and files a separate opinion.

TACKETT, Judge, dissenting.

I respectfully dissent. Summary judgment may be granted "only when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]" *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 482 (1991). With respect to the issue of concealment, although silence does not generally constitute actionable fraud, Parrish's failure to disclose that the tobacco base had already been sold to Cave could be considered concealment of a material fact which should have been disclosed to the buyer of the property, Hidden Hills, Inc. "Since the beginning of our jurisprudence, the principle has been consistently adhered to that the concealment by a seller of a material defect in property being sold, or the suppression by him of the true condition respecting the property, so as to withhold from the buyer information he is entitled to, violates good faith and constitutes a deception[.]" *Hall v. Carter*, Ky., 324 S.W.2d 410, 412 (1959). As a reasonable juror could conclude that Parrish's silence constitutes concealment, I would reverse and remand for trial.