EZEKIEL S. SMITH *et al.,* Plaintiffs in Error, *v.* ELISHA DOTY, Defendant in Error.

ERROR TO OGLE.

A plea of failure of consideration, which only alleges that the note sued on was given for an assigned note, which assigned note was given without any consideration to the maker thereof, is defective. Such plea should show that the note was assigned after it became due, or that the plaintiff knew of the want of consideration.

If a party attempts to rescind a contract, he should place the proper party in *statu quo,* by an offer to return what the pleader has received.

THIS is an appeal from an order of the Ogle Circuit Court, sustaining a demurrer to a plea of the defendants below.

The case in the Circuit Court was an action of assumpsit.

The plaintiff, by his declaration, complains that on, etc., at, etc., Ezekiel S. Smith and Henry A. Mix, defendants below, made their certain promissory note, bearing date the day and year last aforesaid, and delivered the said note to the plaintiff below, by which note the said defendants below promised to pay to Elisha Doty, or order, four hundred dollars, with interest, six months after date thereof, for value received; which he avers had not been paid; and adds the common counts.

Defendants below filed pleas as follows:

And the said defendants, by, etc., their attorney, come and defend the wrong and injury when, etc., and say that said plaintiff ought not to have or maintain his aforesaid action against them, because they say that the sole cause of action in said plaintiff's declaration contained, is the promissory note in said first count in said declaration mentioned; and that said note was given without any valuable consideration whatsoever, in this, that the pretended consideration for said note was the assignment by said plaintiff to said defendants on one other promissory note, dated May 8th, 1856; by which said last mentioned note, one Dan Higly, nine months after date, for value received, promised to pay to said plaintiff, or order, the sum of eight hundred dollars; which said promissory note was then and there, by the said plaintiff, falsely and fraudulently repre-

sented to be a good and valid note, and justly due and payable from said Higly, and given for a good and valuable consideration; when, in truth, the said last mentioned note was given without any consideration, and was then and there entirely worthless and void, and of no value whatever; all of which was well known to said plaintiff at said time when, etc., by means of which said false and fraudulent representations, the said defendants were induced to execute said note in said declaration mentioned, to said plaintiff; and said defendants aver the fact and truth to be, that no other consideration whatever was given for said note, in plaintiff's declaration mentioned, except said note of said Higly, and that said note of said Higly was wholly worthless and void, and therefore aver that no consideration whatever was ever given or paid for said note, for which this suit is brought; and this, etc., wherefore, etc.

And for a further plea in this behalf, said defendants say, *actio non*, because the sole foundation of this action is the promissory note, in said first count of said plaintiff's declaration mentioned, and that the consideration of said note has entirely failed in this, that said note was given in consideration of the assignment to said defendant, Smith, by said plaintiff, of one certain promissory note for eight hundred dollars, made by one Dan Higly, to said plaintiff; which said last mentioned note was then and there, by said plaintiff, falsely and fraudulently repre sented to said defendants to be a good and valid note, and justl y due from and legally collectable from said Higly by said plaintiff, and by said defendants: by means of which said false and fraudulent representations, the said defendants were induced to and did execute and deliver to said plaintiff, said promissory note, in said plaintiff's declaration mentioned, and for no other or different consideration whatsoever; and the said defendants aver, that, in truth and in fact, said promissory note of said Higly was given without any good or valuable consideration whatever, and was wholly and entirely void; all of which facts were, at the time said note was so assigned to said defendants, well known to said plaintiff; wherefore, said defendants say that the consideration of said note, sued on in this case, has wholly failed, and this they are ready to verify; wherefore, etc.

A demurrer, in substance as follows, was filed to these pleas.

And said plaintiff comes and says that both and each of the said pleas are not sufficient in law, because said first plea does not show that the note alleged to have been assigned by this plaintiff, to said defendants, was given without consideration.

And to the said second plea, that said second plea alleges said note declared on in this case was fraudulent and void; and that said note was assigned after said note matured. That said

pleas each show a valid consideration from the plaintiff, to the said defendants, for the promissory note declared on.

The court ordered that demurrer be sustained; and the defendants saying nothing further, the court ordered the clerk to assess the plaintiff's damages; and ordered that the plaintiff recover the same of the defendants, together with the costs of suit; and that he have execution therefor. Whereupon an appeal was prayed and allowed.

The error assigned is, that the court erred in sustaining the plaintiff's demurrer to the pleas of the defendants.

SMITH & DEWEY, for Appellants.

CAMPBELL & CARPENTER, for Appellee.

CATON, C. J. We are of opinion that both the pleas in this record were bad. The substance of both pleas is, that the note declared on was given in consideration of the assignment of another note, which had been given by one Higly to the plaintiff; and that that note was given without consideration, and was therefore void, while the plaintiff fraudulently represented that it was good and collectable, and hence this note was given without consideration. These pleas do not show a want or failure of consideration. For aught that appears here, Smith, to whom the first note was assigned, may have collected the full amount of it, and even assuming that he has not already collected that note, the facts shown would not constitute a defense to that note, in an action by Smith against Higly upon it. There is no pretense that there was any fraud in procuring the execution of that note. All that is shown is, that it was given without consideration. This is not sufficient to constitute a defense to a note in the hands of an assignee. In addition to that, it must be shown that the note was assigned after it became due, or that the plaintiff knew that it was given without consideration. Neither of these facts are shown, and, in this case, if the last were shown, it would destroy the defense altogether, for if Smith knew that the note was given without consideration, he then took it at his own risk, and we are by no means clear that the same consequences would not follow, if he took it after it was due, with that taint of dishonor upon it.

Again, by these pleas, the defendants are attempting to rescind the contract by which the Higly note was assigned to Smith. They could not do this without putting Doty in *statu quo*. In order to do this, they should have brought the Higly note into court with their pleas, re-assigned, or with an offer to re-assign.

We are of opinion that the demurrer was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*