## James H. Bowen *et al*

### *v.*

## George L. Schuler.

1. INSTRUCTIONS — *need not be repeated.* It is not error to refuse an instruction, though proper in itself, when the principle embodied in it is embraced in an instruction already given at the instance of the same party.

2. SALE — *fraud — intent.* A purchase of property, made with the intention not to pay for it, is fraudulent as between buyer and seller, and no title passes; and the fraudulent intent may be found from acts of the purchaser after the sale.

3. SAME — *rescission for fraud.* Where a seller elects to rescind a sale of goods on account of fraud on the part of the buyer, the seller must restore, or

offer to restore the purchaser what he has paid on the goods at the time of the purchase. So, on a sale where fraud has been practiced by the purchaser, entitling the seller to rescind, and a note has been given for the price of the goods, the seller must offer to return the note before he can rescind and recover the goods.

4. SAME — *seller may elect to affirm or rescind.* In such a case, the seller has the option to elect to affirm the sale, and might, no doubt, retain the money paid on the purchase and sue and recover damage for the deceit, or sue on the contract, or he may rescind and recover back the property, but must first place the purchaser in *statu quo,* or at least make the offer. If rescinded, it must be of the whole contract and not of a part. To authorize it would be to permit the vendor to make a new contract.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was an action of replevin for the recovery of a large quantity of goods, brought by James H. Bowen, George S. Bowen, Chauncey J. Bowen and George Whitman, in the Lee Circuit Court, against George L. Schuler. The declaration was for the wrongful taking and detention of the goods.

The pleas were, *non cepit, non detinet* — property in defendant and property not in the plaintiffs. A demurrer was sustained to the last plea and issue formed on the others.

At the June Term, 1865, a trial was had by the court and a jury. It appears from the evidence that one Lyman Culver purchased the goods in controversy of plaintiffs, and paid them on the purchase $1,500, obtained possession of them, shipped them by rail to Dixon and then sold them to defendant. He, on a demand of the goods, refused to give them up, and they then instituted this suit.

The jury found the issues for the defendant, and plaintiffs entered a motion for a new trial, which the court overruled and rendered judgment on the verdict, and awarded a return of the goods. Plaintiffs bring the case to this court by appeal and ask a reversal of the judgment.

Mr. EMERY A. STORRS, for the appellants.

Mr. H. B. FOUKE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellants brought an action of replevin against appellee to recover a large stock of goods and merchandise. The declaration was in the usual form, and appellee filed the pleas of *non cepit, non detinet,* property in defendant, and that the plaintiffs were not the owners of the goods. Issue was joined on these several pleas, a trial was afterward had by the court and a jury, resulting in a verdict and judgment in favor of defendant. And the cause is brought to this court on appeal, and reversal is urged upon several grounds.

The first is, that the court erred in refusing to give for appellants the second and third instructions of a number asked by them. They are these:

2. "If the jury believe, from the evidence in this case, that Culver obtained the possession of the goods in controversy without paying for them, and immediately after obtaining possession of the goods in controversy, secretly took or caused them to be taken from Chicago, and shipped them to Dixon to a fictitious party, and then sold them at a discount, they would be justifiable in finding, from such facts, that the purchase of the goods was originally made by Culver with the intention not to pay for them.

3. "The jury are instructed, as a matter of law, that, in order to render a purchase of property fraudulent, as between the parties thereto, it is not necessary that there should have been any false representations made by the purchaser in order to effect his purchase; if the purchase was made with intent not to pay for the property, then it is a fraudulent transaction, and the intent may be ascertained from the subsequent acts of the purchaser."

By the first of appellants' instructions, which the court gave to the jury, they were informed, that a purchase of property made with the intention not to pay for it, is a fraud as between the buyer and the seller, and passes no title; and that the

fraudulent intent may be found from acts of the purchaser after the sale. This instruction fully covers and embraces the principle announced by the two which were refused. It is not in the same language, but it embraces the principle. The only difference is that those which were refused, recited a portion of the evidence before the jury, and which they, as intelligent men, knew was introduced to prove fraud, and it was for them to say, whether it, with the other evidence in the case, proved fraud. By the second instruction asked, it may be an undue prominence was given to a portion of the facts in the case, while it was the duty of the jury to consider all of the evidence before them. We think the court below committed no error in refusing these instructions.

It is again insisted, that the action could not be maintained, because, conceding the right, appellants had not avoided the sale of the goods, by restoring, or offering to restore, the money paid by Culver on the purchase. He, at the time he contracted for the goods, paid to appellants fifteen hundred dollars on the purchase, and at the time obtained possession of the goods, and afterward sold them to appellee; but there is no evidence, that, before they brought their suit, they did any thing to place Culver in *statu quo.* And it is believed to be a general, if not a rule of universal application, that, when a person parts with his property upon false representations, amounting to a fraud, he has a right to rescind the contract, and repossess himself of the property, so long as it has not passed into the hands of an innocent purchaser without notice, or he may if he choose affirm the sale. If he, however, elects to rescind the contract, he must restore to the other party, whatever consideration he may have received on the sale. *Thayer* v. *Turner,* 8 Metc. 551. It has also been held, that when a party had obtained goods on a fraudulent purchase, and they were seized under an execution against the purchaser, and replevin was brought by the vendor, he could not recover without offering to return the note given for the purchase-money. *Ayres* v. *Hewett,* 14 Maine, 281. And to the same effect are the cases of *Fisher* v. *Conant,* 3 E. D. Smith, 199; *Mason* v. *Barret,* 3 Denio, 69;

*Stewart* v. *Dougherty*, 3 Dana, 479; *Keteltas* v. *Fleet*, 7 Johns. 324; *Kimball* v. *Cunningham*, 4 Mass. 502; *Jennings* v. *Gage*, 13 Ill. 610. Other authorities might be cited, but these are sufficient to illustrate the rule.

There is no doubt, that the party upon whom the fraud has been perpetrated has his election either to affirm or rescind the contract; and while the title to the property does not pass by such a sale, he may no doubt retain the money received on the sale, and maintain an action for deceit, and recover such damages as he may have sustained by the fraud, or may sue upon and enforce the agreement. If he rescind, he must place the other party in *statu quo*, or at least offer to do so, before he can recover the property with which he has parted. *Smith* v. *Doty*, 24 Ill. 163; *Ryan* v. *Brant*, decided at this term.* Nor can a party rescind a contract as to one part and affirm it as to another part. The rescission, if made, must be full, and embrace the entire contract. He cannot retain the consideration he has received, or a portion of it, and rescind as to a portion of the property he has sold, and recover that portion back. *Buchanan* v. *Harney*, 12 Ill. 336; *Jennings* v. *Gage*, 13 id. 610. To permit him to do so, would be to permit him to make a new contract for the sale of a part instead of the whole of the property with which he has parted.

The right of recovery in this case is placed on the right to rescind the contract. Whatever may have been their intention, appellants have failed to rescind, inasmuch as they did not return, or offer to return, the money they had received on the sale to Culver, before the suit was brought. To hold, that a recovery might be had, would be to hold, that a party may affirm a contract in part and rescind it in part, for a fraud. Appellants did not have the right to retain the money and recover the goods. Culver did not agree to pay the money for a part of the goods, and to give them a note for a large sum beside. Although the rule may operate hardly in this case, we regard it as too firmly fixed to be disregarded. This view of the case renders unnecessary an examination of the question

* And to be reported in 42 Ill.

whether appellee had notice of the fraud, or of such facts as put him on inquiry. The judgment must be affirmed.

*Judgment affirmed.*