## WILLIAM M. CASE

### v.

## JOHN B. AYERS.

1. FRAUD AND DECEIT—*what necessary to constitute, in sale of goods.* In an action by the vendee, against the vendor of a load of wool, done up in fleeces, for fraudulent representations as to the quality and condition of the wool, the court, in effect, instructed the jury that although they might believe the representations were made, and that they were false in the manner stated, still the plaintiff could not recover, unless the representations were made with the design to injure the plaintiff: *Held,* that such instruction was erroneous, and well calculated to mislead the jury.

2. Where the vendor of goods makes a representation respecting the quality or condition of the articles sold, which he must, from the very nature of the case, have known to be false, whereby injury results to the purchaser, it will be a fraud in law, on the part of the vendor, and proof of a fraudulent design to injure the purchaser is not necessary to entitle him to recover.

3. And it seems that fraud will be inferred where a party makes a representation as to which he has no knowledge or information, and no grounds for expressing his belief, if injury results from the falsity of such representation.

4. SAME—*fraudulent representations must be negatived in the proof.* In a suit by a purchaser to recover damages of a seller of personal property, on the ground of false and fraudulent representations respecting the property, an instruction, on the part of the plaintiff, which does not require the particular false representations supposed to have been made to be negatived by the proof, will be properly refused.

APPEAL from the Circuit Court of Lake county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. W. S. SEARLS, for the appellant.

Messrs. UPTON & WILLIAMS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case for deceit, by means of alleged false representations in a bargain for the sale of a load of wool.

The verdict and judgment in the court below were for the defendant, and the plaintiff appealed.

It is assigned for error that the verdict is against the evidence.

The verdict, upon the facts, is not satisfactory to us; but as for a different reason the cause is to be remanded for another trial, we will dismiss this point without further remark.

It is also assigned for error that the court erred in not giving the plaintiff's first instruction as asked, and in giving it as it was modified by the court, and in giving instructions for the defendant.

There was no error in refusing the plaintiff's first instruction as asked, because, as drawn, it did not require that the particular false representations, supposed by the instruction to have been made, should be negatived by the proof. In this respect, the instruction was modified by the court, so as to make it correct. The court further modified the instruction, by inserting, in reference to the representations, the following words: "And that they were made by the defendant to deceive and defraud the plaintiff, the defendant well knowing them to be untrue."

The first instruction given for the defendant required that he should have "been guilty of intentional fraud or deceit, in the sale of the wool," in order to justify a verdict against him.

The second instruction for the defendant was to the effect that the plaintiff could not recover "unless the representations were made fraudulently, with the design to injure the plaintiff."

The subject matter of the representations in question was as to the good condition of a load of wool, done up in fleeces, which the defendant brought to market and sold to the plaintiff; the wool being apparently in good condition, and its bad condition, as testified to by the plaintiff's witnesses, was not discoverable until after the fleeces of wool had been subsequently opened. Upon undoing the fleeces, as was testified to on the part of the plaintiff, the wool was found to be valueless as a merchantable lot of wool. In 33 of the fleeces there were found to be 84 pounds of extraneous substances, some of the fleeces having between four and five pounds of such matter done up in a "ball form," and put into the center of the fleeces.

Certainly nothing more was here required to entitle the plaintiff to a recovery than that the defendant should have known the alleged false representations to be untrue. *Corbett* v. *Brown*, 8 Bing. 33; *Foster* v. *Charles*, 6 id. 396; 7 id. 105. In the last case it was said by TINDAL, C. J: "It is fraud, in law, if a party makes representations which he knows to be false, and injury ensues, although the motive from which the representations proceeded may not have been bad;" and see *Stone* v. *Denny*, 4 Met. 151; *Bennet* v. *Judson*, 21 N. Y. 238.

The defendant's second instruction, in full, is as follows:

"The court instructs the jury, on the part of the defendant, that in this case, although they may believe from the evidence that the defendant sold to the plaintiff the wool mentioned in the declaration in this case, and received his pay therefor of the plaintiff at the time of such sale; and that at the time of the sale, the defendant represented to the plaintiff that the wool so sold was good and merchantable wool, and done up in a clean and proper manner, with nothing

in it but the ordinary tags belonging to each fleece, and that the plaintiff purchased said wool relying upon such representations; and that in fact said wool was not, at the time of said sale and representations, good and merchantable, but had done up in it other wool, such as dead or pulled wool and dirt, and other substances, aside from the ordinary tags of the fleeces composing said lot of wool, unless such representations were made fraudulently, with the design to injure the plaintiff, the plaintiff can not recover in this action, and the law is for the defendant."

In *Stone* v. *Denny, supra,* it was laid down that fraud will be inferred when the party makes a representation which he knows to be false, or as to which he has no knowledge or information, and no grounds for expressing his belief. This instruction virtually forbids the jury from drawing the inference of fraud from the making of knowingly false representations. If the representations were false in the particulars named, the defendant must, from the very nature of the case, have known them to be false.

Yet the jury are told that although they might believe the representations were made, and that they were false in the manner stated, still the plaintiff could not recover, unless the representations were made with the design to injure the plaintiff.

There was no attempt at excuse for the representations as having been innocently made. The only point of controversy, so far as the evidence discloses, was whether any misrepresentations were in fact made. The condition of the wool, if it was such as described by plaintiff's witnesses, of itself manifested a base fraud.

The instructions were well calculated to mislead the jury, and give them to understand that it was not enough to prove the falsity of the representations in the respects named in the second instruction, even though the defendant knew them to

10—65TH ILL.

be false, but that there must have been proof, in addition, of a distinct purpose to injure the plaintiff.

So far as the instructions required proof to be made of a design to injure the plaintiff as essential to the right of recovery, we regard them as erroneous.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*