WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

v.

WILLIAM P. SHRYOCK ET AL.

1. SALE—ARTICLES TO BE WEIGHED.—A sale of specific articles by weight, the price being agreed upon, may be a complete sale, although the articles have not been weighed.

2. SALE FOR CASH—PRESENT PAYMENT.—A cash sale will or will not be a conditional sale, according to the circumstances of the particular transaction. When nothing is said as to when payment is to be made, the law implies it shall be made on delivery; but the vendor may waive his right to immediate payment, and the mere delivery, without demand for payment, will be some evidence of such a waiver.

3. PAYMENT AS CONDITION PRECEDENT—QUESTION OF FACT.—Payment of the purchase money may by the contract of the parties be a condition precedent to the transfer of title, even where there is delivery of possession to the vendee. Where the sale is accompanied by delivery, it is a question of fact for the jury, to be determined from the evidence, whether the sale was conditional or unconditional; and it is error to take this question from the jury by an instruction.

4. PURCHASE WITH FRAUDULENT INTENT.—The purchase of property with an intent not to pay for it, is fraudulent as between vendor and vendee, and no title passes; and the fraudulent intent may be found from the acts of

the purchaser subsequent to the sale, but it is error to instruct the jury that they may infer such fraudulent intent from the fact that the purchaser made an assignment within twenty-four hours after the purchase. The true inquiry should be, was there a fraudulent intent at the time of buying the goods not to pay for them, and this is a question of fact for the jury.

Error to the City Court of East St. Louis; the Hon. Chas. T. Ware, Judge, presiding. Opinion filed October 6, 1881.

Mr. Fred. Gottschalk and Mr. G. B. Burnett, for plaintiff in error; argued that the sale was complete, and the jury must have so found but for the instruction, and cited Seckel v. Scott, 66 Ill. 106; Chittenden v. Evans, 48 Ill. 52; Ogden v. Kirby, 79 Ill. 555; Hatch v. Marsh, 71 Ill. 370; Webster v. Granger, 78 Ill. 230; Graff v. Fitch, 58 Ill. 373; Van Duzer v. Allen, 90 Ill. 502; Shelton v. Franklin, 68 Ill. 333; Straus v. Minzesheimer, 78 Ill. 499; Gravett v. Mugge, 89 Ill. 218; Bell v. Farrar, 41 Ill. 400.

Where the verdict is clearly against the evidence, a new trial will be granted: Wade v. Atkins, 58 Ill. 64; Janney v. Birch, 68 Ill. 87.

Messrs. Flannigan & Canby, for defendant in error; that in a sale, where nothing is said as to when payment is to be made, the law implies payment on delivery, cited Benjamin on Sales § 32; Dwyer v. Duquid, 70 Ill. 307; Smith v. Gillett, 50 Ill. 290; Metz v. Albrecht, 52 Ill. 491.

It is enough to enable the vendor to retain title, if it appears that it was the understanding of the parties at the time of delivery, that payment was not waived: Whitwell v. Vincent, 4 Pick. 451; Drner M'f'g Co. v. Watertown, 3 Met. 18; Corleis v. Gard, 2 Hall, 345; De Wolf v. Babbett, 4 Mason, 294; Reeves v. Harris, 1 Bailey, 563; Marston v. Baldwin, 17 Mass. 606; Hill v. Freeman, 3 Cush. 257; Hamnett v. Linneman, 48 N. Y. 399.

Where property is sold at a fixed price, under an agreement express or implied, that title is to remain in the vendor until payment, this is a condition precedent, and until performance the property is not vested in the purchaser: Blanchard v. Child,

W. St. L. & P. R. R. Co. v. Shryock.

7 Gray, 155; Fifield v. Enner, 25 Mich. 48; Porter v. Pettingill, 12 N. H. 298; Gambling v. Read, 1 Meigs, 281; Heath v. Randall, 4 Cush. 195; Davis v. Bradley, 24 Vt. 55; George v. Stubbs, 26 Me. 243; Paris v. Roberts, 12 Ired. 268; Hasbruck v. Lonniberry, 26 N. Y. 598; Hirschorn v. Canney, 98 Mass. 149; Little v. Page, 44 Mo. 412; Sage v. Sleutz, 23 Ohio St. 1; Hotchkiss v. Hunt, 49 Me. 219; Beeson v. Dougherty, 11 Humph. 50.

And the vendor, if guilty of no laches, may reclaim them from a subsequent purchaser or mortgagee: Coggill v. H. & N. H. R. R. Co. 3 Gray, 545; Bener v. Puffer, 114 Mass. 376; Zuchtman v. Roberts, 100 Mass. 53; Hollowell v. Milne, 16 Kan. 65; Enlen v. Klein, 79 Pa. St. 488; Kent v. Buck, 45 Vt. 18; Hotchkiss v. Hunt, 49 Me. 219; Sargent v. Metcalf, 5 Gray, 306; Gibbs v. Jones, 46 Ill. 319; Hunter v. Warner, 1 Wis. 141; Lacker v. Rhodes, 45 N. Y. 499; Baker v. Hall, 15 Ia. 277; Duncan v. Stone, 45 Vt. 221; Little v. Page, 44 Mo. 12; Price v. Jones, 3 Head 84; Hart v. Carpenter, 24 Conn. 427; Dunbarry v. Rawles, 28 Ind. 225.

A conditional sale does not lose its conditional character by a mere delivery of the property: Sage v. Sleutz, 23 Ohio St. 1; Wabash Co. v. First Nat. Bank, 23 Ohio St. 311; Paul v. Reed, 52 N. H. 136.

Purchase of goods with a preconceived design not to pay for them, is a fraud, and will avoid the sale: Root v. French, 13 Wend. 570; Ash v. Putnam, 1 Hill, 302; Earl of Bristol v. Wilsmore, 1 B. & C. 514.

Where goods are purchased and possession obtained upon condition of cash payment, and the purchaser makes a general assignment of his property, the vendor may repossess himself of the goods: Benjamin on Sales, 319; Load v. Green, 15 M. & W. 216; Stephens v. Newnham, 13 C. B. 285; Lacker v. Rhodes, 45 Barb. 499; Story on Sales, § 200; Conger v. Ennis, 2 Mason, 239; Cross v. Peters, 1 Greenlf. 376.

BAKER, J.    Replevin of a car load of wheat by Shyrock Brothers, from the Wabash, St. Louis and Pacific Railway. On June 29th, 1880, Shryock Bros. sold to G. A. Stein & Co.

about 400 bushels of wheat, then in a car on the track of the I. and St. L. R. R. Co., in East St. Louis, and delivered to them an order therefor on the latter company. The sale was made on the floor of the Merchant's Exchange, in St. Louis, at a certain price per bushel and nothing further was said concerning the terms of sale. G. A. Stein & Co. obtained the wheat upon the order, gave their check for the freight, and had it weighed and transferred to the Wabash Railway, and loaded in a car for transportation. There being a delay in delivering the weight bills, Shryock Bros. sued Stein & Co. for the price of the wheat, and attached it in the car; and afterwards, when they heard of the assignment hereafter mentioned, released the levy and replevied the wheat from plaintiff in error, in whose possession it was for shipment over its road. About half-past twelve o'clock, on June 30th, the next day after the sale, G. A. Stein & Co. made a general assignment to Edward L. Gottschalk, for the benefit of creditors. The verdict of the jury and judgment of the court below were for Shryock Bros., defendants in error.

Objections are made to the two instructions given by the court to the jury for defendants in error. The first instruction was, in substance, that where goods and chattels are sold and no time of payment is fixed by the contract, then payment of the price is a condition precedent implied by law, and the title to the property would not vest in the purchaser until payment is made; and that if in this case, nothing was said about the payment of the price, then the presumption would be that the grain was to be paid for upon delivery; and if not paid for on delivery, Shryock Bros. would have the right to retake the wheat.

A sale of specific articles by weight, and the price agreed upon between the parties, may be a complete sale, although the articles have not been weighed. So, also, a cash sale will or will not be a conditional sale, according to the circumstances of the particular transaction. Such sale is not, necessarily, in law either a conditional or unconditional sale. Where nothing is said as to when payment shall be made, the law implies it shall be made on delivery; but the vendor may waive his right

to immediate payment, and the mere delivery without demand for payment would be some evidence of such waiver; and, on the other hand, payment of the purchase money may, by the contract of the parties, be made a condition precedent to the transfer of title, even where there is a delivery of possession to the vendee. Here the grain was not only symbolically, but actually delivered to the vendees. Where the sale is accompanied by a delivery, it is a question of fact for the jury, to be determined from the evidence, whether the sale was conditional or unconditional. Scudder v. Bradbury, 106 Mass. 422.

Without discussing in detail the circumstances of the transaction under consideration, it is sufficient to say there were facts in evidence tending to show the sale and delivery were unconditional, as well as facts tending to a contrary conclusion. All the circumstances bearing upon this point, should have been submitted to the decision of the jury. It was error to take all these matters from them, and instruct them, as matter of law, that in all cases where no time of payment is fixed by the contract, and even where there has been a delivery of the property, the sale is conditional, and the title does not vest in the purchaser until payment is made of the price. It is a question of intent, not of the private and secret understanding of either party, but of the mutual intention of both parties, to be determined by the jury from the testimony. The instruction also virtually took from the jury all consideration of the circumstances of the suit for the purchase money, and the levy of the attachment writ on the wheat, as the property of G. A. Stein & Co.; these circumstances, at least, tended to show an affirmance of the sale, and recognition of a transfer of title; and they, as also the facts tending to rebut the presumptions sought to be deducted therefrom, should have been left to the jury.

The second instruction given for defendants in error, informed the jury that if they believed from the evidence that G. A. Stein & Co., within twenty-four hours after they purchased the grain in question, made an assignment of all their effects for the benefit of their creditors, that was a circumstance from which they might infer a fraudulent intent at the time

of the sale, and that their verdict in such case should be for the plaintiffs.

The purchase of property made with the intention not to pay for it, is fraudulent, and as between buyer and seller, no title passes; and the fraudulent intent may be found from the acts of the purchaser subsequent to the sale. Bowen v. Schuler, 41 Ill. 192. But this instruction, from the single fact of the assignment, permitted the jury to find a fraudulent intent at the time of the sale, wholly regardless of all the other circumstances in evidence. On the trial both Stein and his partner, Weil, testified; and they each made statements at least tending to show honesty and good faith, and an intention to pay on the part of their firm. These explanations might or might not have been satisfactory to the jury, but they should have been submitted to them and considered by them, along with the other evidence.

The true point of inquiry. on this branch of the case, is whether there was a fraudulent intent at the time of buying the wheat, not to pay for it; and that is a question of fact for the jury.

It is not beyond the range of possibilities a merchant might buy a bill of goods in the utmost good faith, supposing himself entirely solvent, and having no doubts as to his ability to pay for it, and yet the very next day be forced to make an assignment. The jury should not have been instructed in substance, that they might disregard all the other testimony in the case, and from the naked fact of the assignment find the purchase was fraudulent, and the sale void. The mere fact of the subsequent assignment was not necessarily decisive of the character of the prior transaction. The case of Johnson v. Monell, 2 Abbott (N. Y. Court of Appeals Decisions) 470, so greatly relied on by defendants in error, is, as we understand it, an authority in no way militating against the views herein expressed. The facts there were somewhat like those in this record, and the court below had refused the defendant's motion for a nonsuit, and ruled the existence or non-existence of the intent not to pay at the time of the purchase was a question of fact for the jury, and that there was evidence tending to

show the existence of such intent. The judgment was affirmed by the court of appeals; and Morgan, J., said, " I think it was a question for the jury to decide under the circumstances of this case ;" and Peckham, J., said, " To avoid the sale as fraudulent, the jury must be satisfied by the proof, that the purchaser intended, by the purchase, to defraud the vendor; that he never intended to pay for the goods." In the case now before us, the instructions did not fairly and clearly present the questions at issue to the jury, and for the errors therein, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.