## Seth F. Hanchett

### v.

## George C. Mansfield et al.

1. ASSUMPTION OF FACTS—INSTRUCTION.—The assumption by the court in an instruction of the existence of a particular, material but controverted fact, is prejudicial error.

2. SALE—FRAUD.—The purchase of goods with the intention, at the time, not to pay for them, is fraudulent, and such intent may be found from the acts of the purchaser after the sale.

3. INSTRUCTIONS.—Where the court instructed the jury that certain acts subsequent to the sale, which were specified, were fraudulent, and entitled the plaintiffs to rescind a previously made contract of sale. *Held*, erroneous. To constitute the fraud there must be a preconceived design never to pay for the goods.

APPEAL from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed May 29, 1885.

This was replevin by Mansfield & Co., appellees, merchants doing business at Johnson's Creek, in the State of Wisconsin, against appellant as sheriff of Cook county, to recover a

quantity of cheese which the former had sold and shipped from their place of business in Wisconsin, to Fay & Conkey, then wholesale grocers doing business in the city of Chicago, and which had been seized by the said sheriff under writs of *fi. fa.* against said Fay & Conkey. Issues were joined on the pleas of *non cepit*, property in Fay & Conkey and of justification under said writs. On the trial the plaintiffs gave evidence tending to show that before the sale of the cheese Conkey had represented that his firm was worth one hundred thousand dollars; that on the faith of it, November 15, 1882, the plaintiffs sold the firm one hundred and fifty cheese which were shipped and delivered Nov. 21, 1882; that Dec. 15, 1882, the plaintiffs sold them one hundred and fifty more cheese, which were shipped in two lots, one January 15, 1883, and the other January 17, 1883, none of which was paid for; that the said representation by Conkey was false, and the firm was, in fact, insolvent when it was made. Conkey denied making that or any such representation. The court gave, amongst others, the following instructions to the jury:

3. "The jury are further instructed on the part of the plaintiffs, that if they believe from the evidence Fay & Conkey, at the time they received the cheese at the railroad depot in Chicago, and took them to their store and placed them therein with their other goods, knew that they were then unable to pay for them, this would constitute such a fraud, under the circumstances, that would enable the plaintiffs to rescind the contract of sale to defendants and recover in this action, although said Fay & Conkey might have thought they were able to pay for said goods at the time they made said contract of purchase and representations that they were able to pay for them."

4. "And if the jury find from the evidence that at the time Fay & Conkey received the first shipments of the cheese, they thought they were able to, and expected to, pay for them but that at the time they received and placed in their store the last shipment of the cheese in controversy, they knew they could not pay for that shipment, or did not intend to pay for that shipment, then the jury may find for the plaintiffs as to

any of the cheese in that shipment which they find to have been taken by the plaintiffs under the replevin writ in this case, even though they should find in favor of defendants as to part or all of the cheese received by them in prior shipments."

The jury found the issues for the plaintiffs, and the court gave judgment on the verdict.

Messrs. FLOWER, REMY & GREGORY, and Mr. H. K. TENNEY, for appellant; that there must be a preconceived design not to pay for the goods, cited Burrill v. Stevens, 73 Me. 395; Nichols v. Pinner, 18 N. Y. 295; Wright v. Brown, 67 N. Y. 1; Talcott v. Henderson, 31 Ohio St. 162; Garbutt v. Bank of Prair'e du Chien, 22 Wis. 384; Henshaw v. Bryant, 4 Scam. 97; Johnson v. Monell, 2 Keyes, 655; Devoe v. Brandt, 53 N. Y. 462.

Messrs. McCoy, POPE & McCoy, for appellees; cited Lockridge v. Foster, 4 Scam. 573; Mitchell v. McDougall, 62 Ill. 498; Thorne v. Prentiss, 83 Ill. 101; Ruff v. Jarrett, 94 Ill. 479; Holdom v. Ayer, 110 Ill. 452; Allen v. Hart, 72 Ill. 104; Merwin v. Arbuckle, 81 Ill. 501; Linington v. Strong, 111 Ill. 160; Kerr on Fraud, p. 55, (Bump's Ed.); 2 Benjamin on Sales, p. 736, § 853; Stone v. Denney, 4 Met. 158.

McALLISTER, J.   It was a controverted, material question of fact upon the trial, whether or not Conkey made the false representation as to the ability of his firm to pay for the cheese which plaintiffs below claimed that he did make, and which induced the sale.   But, by the third instruction given to the jury at the instance of the plaintiffs, the court is made to assume as fact, the making of such representation.   Such assumption by the court, in an instruction, of the existence of a particular, material, but controverted fact, has been so repeatedly condemned by the Supreme Court, that it is needless to cite the cases.   That of itself must be regarded as prejudicial error.   But the instruction announces the rule of law, that if the purchasers of the cheese had, after the sale, be-

come insolvent and unable to pay for them, but that if, with knowledge of such insolvency and inability to pay for them, they received the cheese at the railroad depot, took them to and placed them in their store with their other goods, this would constitute such a fraud as would enable the plaintiffs to rescind the contract of sale and recover the goods in replevin.

The fourth instruction is, in substance, that if Fay & Conkey, at the time they received the first shipments of the cheese, thought they were able to, and expected to pay for them, but that at the time they received and placed in their store the last shipment in controversy, they knew they could not pay for that shipment, or did not intend to pay for that shipment, then the jury might find for the plaintiffs as to that shipment, even if they found for the defendants as to prior shipments.

The plaintiffs' own evidence shows that all these shipments were made under, and in pursuance of previous contracts of sale between them and Fay & Conkey.

No authorities have been cited in support of the rule embodied in either of these instructions, and we venture the assertion that none can be found.

In Catlin v. Warren et al., at this term, the question was before us as to the true rule in such case, and we found from the cases, that to constitute the fraud there must be a preconceived design never to pay for the goods. That the only intent that renders the sale fraudulent, is a positive and predetermined intention entertained and acted upon, at the time of going through the form of an apparent sale. Burrill v. Stevens, 73 Maine, 395. Or, as the rule is stated by some courts, the purchase of goods with the intention, at the time, not to pay for them, is fraudulent, and such intent may be found from the acts of the purchaser after the sale. Bowen v. Schuler, 41 Ill. 192. Had the instructions in the case at bar directed the jury that they might take into consideration the acts of Fay & Conkey, after the sale which was referred to, in determining the question whether, at the time of the sale, they had a preconceived design never to pay for the cheese, or whether they bought the same with the inten-

tion, at the time of the sale, not to pay for them, the instructions would have been correct. But as they were given, the acts subsequent to the sale, which were specified, were declared by the court to be fraudulent and to entitle the plaintiffs to rescind a previously made contract of sale. For the giving these instructions, the judgment must be reversed and the cause remanded.

Judgment reversed.