## Edson Keith et al.

### v.

## Cecilia Goldston et al.

*Deceit—What Necessary to Prove—Knowledge of Plaintiff—Inference of Improper Motive.*

1.  To recover in an action for deceit it is only necessary for the plaintiff to prove that the representation was false; that the party making it knew it to be false; and that the plaintiff relied upon it as true, was induced to act upon it, and was injured.

2.  The motive of the defendant in making the false statement is wholly immaterial.  The law infers an improper motive, if what the defendant says is false within his own knowledge, and is the occasion of damage to the plaintiff.

[Opinion filed April 26, 1887.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Messrs. A. W. Brickwood and D. M. Kirton, for appellants

Messrs. Hoffheimer & Rosenberg, for appellees.

Moran, J.  Appellants brought an action of deceit against appellees, alleging fraud in obtaining credit for certain mer-

chandise by false representations with reference to the amount of debts owing by Cecilia Goldston, and denying that she had any judgment notes outstanding against her. The written statement of assets and liabilities made out by Nathan Goldston and signed by Cecilia Goldston and delivered to appellants' credit manager, for the purpose of getting goods on credit, is substantially admitted to have been false in at least the two statements mentioned. The defendants' contention was that though the statement might be false it was not made with intent to deceive, and at the request of appellees the court instructed the jury in one instruction, "that to constitute fraud, there must be design and contrivance to injure another," and in another that, "unless the plaintiffs have proven either that at the time when the defendants got the goods, they then intended never to pay for them, or that defendants before getting the goods made to the plaintiffs a statement which was false, and that it was then made with the in ntion of deceiving and defrauding the plaintiffs, and that the plaintiffs relied on such statement and believed it to be true," the jury must find for the defendants.

The jury found for the defendants, and there was judgment on the verdict, and the plaintiffs appeal, assigning for error the instructions given by the court to the jury above set out. To recover in an action for deceit, it is only necessary for the plaintiff to prove that the representation was false, that the party making it knew it to be false, and that the plaintiff relied upon the representation as true, and was induced to act upon it and was injured. Merwin v. Arbuckle, 81 Ill. 501. The motive which actuated the defendant in making the false statement is wholly immaterial. The law infers an improper motive, if what the defendant says is false within his own knowledge and is the occasion of damage to the plaintiff. Foster v. Charles, 6 Bing. 396.

The instructions given by the court and above quoted were intended to inform the jury that it was not enough to prove the falsity of the representations, and that defendants knew them to be false, but there must be in addition, proof of a design or purpose to injure—an intention to defraud at the

time of making them.    Such is not the law, and the instructions were erroneous and clearly tended to mislead the jury. McBean v. Fox, 1 Ill. App. 177; Case v. Ayer, 65 Ill. 142; Gough v. St. John, 16 Wend. 645.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*