# E. P. REED & CO.

## v.

# F. C. PINNEY & CO. ET AL.

*Replevin—Sale—Fraudulent Representations—Instructions—Evidence —Res Gestæ.*

1. To entitle one to rescind a sale of goods that has been induced by false and fraudulent statements, the vendor is only required to show the statements made, that he relied upon them to his injury, and that they were false. The intent or motive with which such false representations were made need not be shown.

2. An instruction is erroneous which requires the jury to find two grounds before the plaintiff can recover, when the finding of either ground would justify his rescinding the contract.

3. If the vendee of goods falsely states his financial ability and obtains the same on the strength of such statements, the vendor may, on discovering the fraud, retake the goods, and in such case it is wholly indifferent what the vendee's intention in fact was with reference to paying for the same; his good faith and intention to pay, based on a belief that he will be able to do so when the time of payment arrives, will not prevent the vendor from rescinding, on the ground that the sale on credit was induced by the false representations.

4. A vendee may be guilty of fraud which will entitle the vendor to rescind the sale, without any false statements whatever, if, knowing that he is insolvent, he buys goods with the intention not to pay for them. To constitute fraud in such case there must be a preconceived design never to pay for the same.

[Opinion filed April 21, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. JAMES A. FULLENWIDER, for appellants.

Messrs. SIDNEY C. EASTMAN and BOWEN W. SCHUMACHER, for appellees.

MORAN, J. Appellants brought replevin against appellees to recover certain goods they claimed, on the ground that the sale and delivery thereof on credit had been induced by false representations made by appellees as to their financial condi-

Reed & Co. v. Pinney & Co.

tion. On the trial the court refused plaintiffs' instructions asked, and gave, of his own motion, the following: "The jury are instructed that if they believe from the evidence that the plaintiffs relied upon the statements of the defendant as to his financial condition at the time of the sale and delivery of the goods in controversy in this cause, and if the jury further believe from the evidence that such statements were known to the defendant to be untrue, or were made in such a way as to deceive the plaintiffs, and with the preconceived design, or with the intention, at the time, never to pay for them, the purchase was fraudulent, and the jury should find the issues for plaintiffs." The court also gave, at the request of the defendants, the following: "The plaintiff, to entitle him to recover, must prove, by a preponderance of evidence, that defendant Pinney obtained the goods in question from the plaintiff under false and fraudulent representations, made by him to the agent of the plaintiff, as to his financial condition; that such representations were made by Pinney, knowing them to be false, and with the intention of deceiving the plaintiff, and of obtaining the goods in question on credit, and with the intention of not paying for the same."

These instructions announce an erroneous rule. To entitle one to rescind a sale of goods that has been induced by false and fraudulent statements, the vendor is only required to show the statements made, that he relied upon them to his injury, and that they were false; the intent or motive with which such false representations were made need not be shown. "It is fraud in law, if a party·makes representations which he knows to be false, and injury ensues, although the motive from which the representations proceeded may not have been bad." Foster v. Charles, 7 Bing. 103; Case v. Ayers, 65 Ill. 142.

In reversing the case of Gough v. St. John, reported in 16 Wend. 645, Cowen, J., said: "I have yet to learn that our standard of legal morality is so low that a man may utter a falsehood, with the view to influence another in a matter of interest, which falsehood shall prove pernicious, and yet the law withhold redress because independent proof

is not given that the speaker intended to work the consequences which follow. This I understood to be the import of the charge. The party may hope and may pray, if he pleases, that the result shall be innocent; it would only add impiety to falsehood; he is guilty of a wrong; the poisoned arrow was aimed by him, and sped from his hand, and he must answer for the effect."

Instructions substantially like those above set out were considered by this court and held erroneous in Keith et al. v. Goldston et al., 22 Ill. App. 457; see, also, Drabek v. The Grand Lodge, etc., 24 Ill. App. 82; Farwell et al. v. Hanchett, 120 Ill. 573.

The instructions are also faulty in requiring the jury to find two grounds of fraud before the plaintiffs could recover, when the finding of either ground would entitle them to rescind the contract.

Fraud, by the vendee of goods, may be perpetrated in two ways; if he falsely states his financial ability and obtains the goods on the strength of such statements, the vendor may, on discovering the fraud, retake the goods, and in this case it is wholly indifferent what the vendee's intention, in fact, was, with reference to paying for them; his good faith and intention to pay, based on a belief that he will be able to do so when the time of payment arrives, will not prevent the vendor from rescinding, on the ground that the sale on credit was induced by the false representation.

The vendee may also be guilty of a fraud which will entitle the vendor to rescind, without making any false statements whatever, if, knowing that he is insolvent, he buys goods with the intention not to pay for them. Newmark on Sales, Sec. 360. In the latter case, to constitute the fraud, there must be a preconceived design never to pay for the goods. Hanchett v. Mansfield, 16 Ill. App. 407; Catlin v. Warren, 16 Ill. App. 418. The errors pointed out in these instructions require the reversal of the judgment. The court did not err in refusing to admit in evidence the letter from appellants' agent, dated December 31, 1887. Said letter was no part of the *res gestæ*.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*