## Wallace R. Hemphill v. Ira C. Miller.

1. SALES—*Rescission for Fraud—Return of Property.*—Where a party seeks to avoid a sale because of fraud, he must return, or offer to return, whatever he has received under it. If, before discovering the fraud, he has disposed of some of the property received by him, he must regain possession of such property, or in some other way place the other party in as good condition as he was before the sale.

2. BAILMENT—*Bailee Can Not Claim Title to Property.*—Where a person has been put into possession of goods as a bailee, he will not be permitted to set up title in himself until he has restored possession to the bailor.

**Replevin**, for a stock of merchandise. Appeal from the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed June 3, 1898.

FRANK GILLESPIE, THOMAS F. TIPTON and THOMAS W. TIPTON, attorneys for appellant.

WELTY & STERLING, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action of replevin commenced by appellant to recover possession of a stock of general merchandise.

From the record we learn that appellee, in March, 1896, sold to appellant's son, Elmer Hemphill, the stock of goods contained in his store at Anchor, Illinois, at the invoice price of $1,269.20, receiving therefor three notes aggregating $1,000, signed by one James C. Higgins, secured by mortgage on eighty acres of land situated in Wayne county, Illinois, and one note for $269.20, signed by Elmer Hemphill and appellant. Elmer Hemphill guaranteed that the mortgage executed to secure the Higgins note was a first mortgage on the lands covered by it.

Possession of the goods was delivered to Elmer Hemphill on the 4th of March, from which time he conducted the

business, buying and selling, until the 6th of April, when he sold to his father, appellant. The consideration of the last mentioned purchase was the agreement of appellant to pay for Elmer the note of $269.20 delivered to appellee, and a note for $1,000 payable to one C. J. Ramsey, upon which appellant was surety.

Appellant continued in possession of the goods, selling from them until April 15th. Appellee resided in rooms adjacent to and over the store room, and continued in the store during the times when Elmer Hemphill and appellant had possession. Appellant resided on a farm some miles from the store. On the 15th of April, desiring to go to his farm for a few days, he left appellee in charge of the store. When he returned a few days afterward he found the store room locked. Appellee refused to open the store and let appellant have possession, claiming that Elmer Hemphill had not complied with his agreement with reference to the Higgins mortgage, and that the mortgage was worthless. This suit in replevin followed, resulting in a verdict and judgment for appellee.

The only ground upon which appellee could hold possession of the goods after being placed in his charge is the right of a vendor to rescind because of fraud of the purchaser. Such right is based upon the position that the original taking by the purchaser was tortious and without the consent of the vendor.

The facts in this case show that Elmer Hemphill was placed in possession of the goods and that appellee had taken possession of the property exchanged for them—the Higgins notes and mortgage and the $269.20 note signed by Elmer Hemphill and his father. Before appellee could be in a position to rescind and take possession of the goods he should tender back the notes he had received. How can it be said that no sale was made and the taking of the goods by Elmer Hemphill was without the consent of appellee while appellee retains the fruits of his trade?

Appellee assigned the $269.20 note and it has been subsequently paid by appellant. The action of appellee in

assigning that note is an affirmance of the sale and of Elmer Hemphill's right to full possession of the goods.

While we are not prepared to hold, as contended here by counsel for appellant, that the mere assignment of that note would work an estoppel against appellee's right to rescind, we are clearly of the opinion that before he would be in a position to exercise such right he should secure possession of the note and tender it back or tender an amount in money sufficient to pay it. Where a party seeks to avoid a contract of sale because of fraud he must return or offer to return whatever he has received under it. If before discovering the fraud he has disposed of some of the property received by him, he must regain possession of such property or place the purchaser in as good condition as he was before the sale. Bowen v. Schuler, 41 Ill. 192; Wolf v. Dietzsch, 75 Ill. 205; Smith v. Brittenham, 98 Ill. 188; Smith v. Long, 106 Ill. 485; Doane v. Lockwood, 115 Ill. 490; Kelsey v. Snyder, 118 Ill. 544; Dillman v. Nadlehoffer, 119 Ill. 567.

The title to the goods having been transferred to Elmer Hemphill and afterward from him to appellant, and appellee having been put in possession temporarily by appellant, appellee sustained the relation to appellant and the goods, of bailee. Such being his relation, before he would be permitted to set up title in himself he should restore possession to appellant. The verdict and judgment should have been for appellant. Reversed and remanded.