## Martin W. Robertson et ux. v. H. M. Merriam.

1. Contracts—*What Must be Shown to Entitle a Party to Rescind on the Ground of Misrepresentation.*—To entitle a party to a contract to rescind it on the ground of misrepresentation he must return, or offer to return, what he has received under the contract, and he must exercise his option to rescind within a reasonable time.

2. Promissory Notes—*Failure of Consideration Must be Pleaded.*—Failure of consideration, in whole or in part, except as against an innocent assignee before maturity, is a proper defense if pleaded, but, in order to introduce evidence to sustain the failure, it must be pleaded.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Williamson County; the Hon. Alonzo K. Vickers, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

George W. Young, attorney for appellants.

McAnulty & Allen, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

Assumpsit, by the assignee of two promissory notes. Trial by the court and judgment for $389.58 and costs of suit. Defendant appealed. The notes are as follows:

"$150.-                    Marion, Illinois, Sept. 7, 1900.

For value received, I promise to pay to the order of G. G. Phillips one hundred and fifty dollars, with interest thereon at the rate of.... per cent per annum from date. Said principal sum to be paid in 12 installments of $12.50 each, payments to be made on the first day of October, 1900, and the first days of each month until fully paid. Payable at the office of the North Western Life & Savings Company, Des Moines, Iowa.. A failure to pay any of said interest or principal within thirty days after the same shall become due shall cause the whole of this note to become due and collectible at the option of the payee, and if suit is commenced or expense incurred for the collection of this note, we agree to pay legal attorney's fees therefor. Any justice of the peace may have jurisdiction on this note to the

Robertson v. Merriam.

amount of $300. This note is given for an insurance premium.

(Signed)   MALVINA D. ROBERTSON,
M. W. ROBERTSON.

No. 405. Monthly, due October 1, 1900, $12.50."

Indorsed on the back as follows: " G. G. Phillips, Oct. 2, 1900, by cash, $12.50. Nov. 11, 1900, by cash, $12.50."

The other note is similar, except that the principal is $300, and the monthly payments $25. The indorsements on the back of it are: "No. 404. Due Oct. 1, 1900. Monthly $25." Indorsed on the back as follows: "G. G. Philips, Oct. 2, 1900, by cash $25. Nov. 11, 1900, by cash $25."

The declaration alleges that these notes were assigned by the payee to plaintiff, at the " date and place aforesaid," referring to Sept. 7, A. D. 1900, the date of the execution of the notes.

Defendants pleaded the general issue and two special pleas, to which demurrers were sustained.

Error is assigned for sustaining these demurrers.

The first special plea alleges that the payee of said notes, G. G. Phillips, represented that he was the authorized agent of the North Western Life & Savings Company, of Des Moines, Iowa; that the said Life & Savings Company was engaged in the business of writing life insurance and loaning money on real estate, and that if the defendants would take out a life policy on each of their lives in said company, he would give them a loan of $7,500, if they would secure the same by real estate. It further avers that the defendants took the said G. G. Phillips and showed him the real estate that they wished to place for security, and that he accepted the same as being sufficient security for the $7,500; and thereupon the defendants took out a life policy on each of their respective lives in said company, and gave the notes. The plea further avers that the defendants made two monthly payments on said notes, and that they complied with all conditions stipulated by the said G. G. Phillips to secure said loan, and when they sent in their

application, the same was rejected by the company as not being sufficient security, and the loan was refused by said company. Thereupon the defendants refused to make any further payments on said notes, and the suit was instituted on the 24th day of April, A. D. 1901.

This is, in effect, a plea of failure of consideration. Taft v. Myerscough, 197 Ill. 600.

To entitle a party to a contract to rescind it on the ground of misrepresentation, he must return, or offer to return, what he has received under the contract, and he must exercise his option to rescind within a reasonable time. Smith v. Doty, 24 Ill. 163; Hall v. Fullerton, 69 Ill. 448; 14 Am. & Eng. Ency. 161; Doane v. Lockwood, 115 Ill. 496; Peoria M. & F. Ins. Co. v. Botto, 47 Ill. 519.

If, as the plea alleges, the notes were assigned after maturity, the same defense can be made against appellee that could have been made against the original payee. But against the original payee appellants could not have held their policies and rescinded the contract upon which they were issued. The payee, as agent of the insurance company, having accepted the notes of appellants in payment of the premiums upon their policies, and having converted them to his or its use by assigning them to appellee, is liable on these policies in the case of the death of appellants. If appellants elected to rescind their contracts they should have returned their policies, and the plea should show that they had returned them or had tendered them in return.

The second special plea alleges only that the assignment was after maturity. If this were true, it would not follow that plaintiff could not recover. For all that this plea avers, defendants may have no defense whatever to the notes. The demurrer to the plea was, therefore, properly sustained.

Plaintiff introduced the notes in evidence and rested his case. Defendants then sought to prove failure of consideration under the general issue. The court properly held the evidence inadmissible.

Failure of consideration, in whole or in part, except as

against an innocent assignee before maturity, is a proper defense if pleaded, but in order to introduce evidence to sustain the failure it must be pleaded.

It is also urged that the contract was unilateral, and therefore can not be enforced. Citing Lehman v. Clark, Rec., etc., 174 Ill. 279. The case is not in point. What is decided in it is that a member of an insurance company who pays for his insurance by paying assessments for death losses, and whose membership and insurance ceases when he fails to pay his assessments, can not be held for assessments made after his own insurance has ceased. After such date he has no claim that he can enforce against the company, and the company no claim for future assessments that it can enforce against him.

In the case at bar appellee gave these notes and received their policies of insurance, which, so far as this record discloses, are still in force.

This case might have been affirmed under the rule requiring a complete abstract. The abstract shows no exception to the finding and judgment of the court; nor does it show any disposition of the demurrers to the special pleas. The failure to affirm for non-compliance with the rule is not to be taken as a precedent, the court fully concurring in what is said as to such failures in Gibler v. City of Mattoon, 167 Ill. 21.